HYDEE FELDSTEIN SOTO,
City Attorney (SBN 106866)

KATHLEEN A. KENEALY,
Chief Assistant City Attorney (SBN 212289)

STREFAN FAUBLE,
Assistant City Attorney (SBN 247653)

Telephone: (213) 978-2068

E-mail: kathleen.kenealy@lacity.org;
strefan.fauble@lacity.org

LOS ANGELES CITY ATTORNEY'S OFFICE

200 N. Main Street

Los Angeles, California 90012

Attorneys for non-party CITY OF LOS ANGELES

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE APPLICATION OF CONSUMER WATCHDOG AND LOS ANGELES TIMES COMMUNICATIONS LLC TO UNSEAL COURT RECORDS | **Case No. 2:24-cv-01650-SB**<br><br>**THE CITY OF LOS ANGELES'S MOTION TO INTERVENE TO FILE STATEMENT OF NONOPPOSITION TO MOTION TO UNSEAL SEARCH WARRANT MATERIALS [Dkt. # 6]**<br><br>Date:     April 12, 2024<br>Time:     8:30 a.m.<br>Location: Courtroom 6C |

TO THIS HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD HEREIN,

PLEASE TAKE NOTICE that non-party the City of Los Angeles (the "City") hereby moves the Court, pursuant to Federal Rule of Civil Procedure 24, to allow the City to intervene in Applicants Consumer Watchdog and Los Angeles Times Communications LLC's ("Applicants") Application to Unseal Search Warrant Materials ("Application to Unseal"). Dkt. # 6. The City seeks to intervene for the limited purpose of stating its non-opposition to the Application to Unseal. The City shares the goals of furthering transparency and public accountability and the Statement is filed in support of that objective.

This motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

DATED: March 27, 2024      Respectfully submitted,

HYDEE FELDSTEIN SOTO, City Attorney
KATHLEEN A. KENEALY, Chief Assistant City Attorney
STREFAN FAUBLE, Assistant City Attorney

By:    */s/ Strefan Fauble*
STREFAN FAUBLE
Assistant City Attorney

Attorneys for non-party CITY OF LOS ANGELES

## I. STATEMENT

The City committed to, and provided, full and voluntary cooperation with the investigation ("Investigation") into the *Jones v. City of Los Angeles* class action and related matters by the Federal Bureau of Investigation ("FBI") and United States Attorney's Office for the Central District of California ("USAO").  In order to facilitate and expedite cooperation during the Investigation, the City, the FBI, and the USAO obtained Orders pursuant to Federal Rule of Evidence ("FRE") 502(d), to allow the City to quickly and freely produce material for use in the Investigation without any prior review by the City, without waiving the attorney-client or work-product privileges and without concern as to whether there were other privileged or unrelated matters included in the production.  Respondent states that material covered by the FRE 502(d) Orders may be included in the documents at issue in Applicants' Application to Unseal. Dkt. #15, p. 5:11-12.  Because the question has been raised as to whether the City objects to the release of its documents, the City requests that it be allowed to intervene for the limited purpose of stating its position in favor of transparency and public accountability for the materials at issue in the Application to Unseal.

On March 18, 2024, the USAO provided the Los Angeles City Attorney's Office with a copy of Applicants' Motion to Unseal and the USAO's opposition thereto.  Upon review, the City determined that the Application to Unseal is sufficiently limited in scope to address the bulk of the concerns the City otherwise has about production of documents that the City has not reviewed for privilege and protected under the FRE 502(d) orders.  The Application to Unseal is tailored to the 33 search warrants and related materials filed with the Court and used by the United States in its investigation (the "Requested Materials").  By definition, the Requested Materials relate directly to the matter at hand and would not include privileged information on other, unrelated matters that may have been on the computer drives or in the files seized by the FBI in the raids described in the Application to Unseal.

The City hereby advises the Court, the Applicants, and the United States that, as to the Requested Materials only, the City does not and will not assert attorney-client or work-product privilege. Even though the City has not been afforded the opportunity to review the Requested Materials for privilege or otherwise, the parameters in the Application to Unseal are defined such that the City has been able to make a reasonable determination not to assert its rights and privileges as to the Requested Materials. The City expressly reserves all of its other rights and privileges, including as to materials other than the Requested Materials under the FRE 502(d) orders, applicable privileges, and otherwise.

The City does not and cannot waive the individual privacy rights of any of its employees or any other individual identified in the Requested Materials[1]. The City believes the request made by the United States to redact personal medical information and personal identifying information of individuals is essential and should be granted with respect to, at least, social security or driver license numbers, date of birth, home addresses, personal emails, personal telephones, bank account information, criminal history record information, and other privacy protected personal identifying information. The City has no position on the other concerns and redactions requested by the United States.

This request meets the requirements for both intervention as of right and permissive intervention pursuant to Federal Rule of Civil Procedure 24. The City's Motion is timely as the USAO only provided the Application to Unseal and its Opposition to the Application to Unseal to the City on March 18, 2024. Fed. R. Civ. P. 24(a). The City has an interest in stating its position so that transparency and accountability can be furthered in this action and it is the only party with the ability to state its position as to its own documents. Fed. R. Civ. P. 24(a)(2). Finally, the City's interests cannot be addressed by Applicants or by the United States, which made clear in its response to the Application to Unseal that it is leaving the question of disclosure

---

[1] Having not reviewed the Requested Materials, the City does not know the identities of these individuals.

of the City's materials to the City.  No other party can speak for the City.[2]  The City also meets the requirements for permissive intervention as the question of whether the underlying material is privileged goes hand in hand with the underlying issues in the Application to Unseal.  Fed. R. Civ. P. 24(b)(1)(B).  Finally, the City clearly does not make this Motion for the purpose of undue prejudice or delay – the City simply wishes to state its position and, if needed, address any concerns the Court may have about its views relating to its documents which may be implicated by the materials requested to be released.  Fed. R. Civ. P. 24(b)(3).  Certainly, no party will be unduly prejudiced by the City's exercise of its right to articulate its position on this matter.

## II. CONCLUSION

For the aforementioned reasons, the City respectfully requests this Court allow it to intervene for the limited purpose of stating its position of non-opposition to the disclosure of the Requested Materials.

DATED:  March 27, 2024           Respectfully Submitted,

HYDEE FELDSTEIN SOTO, City Attorney
KATHLEEN A. KENEALY, Chief Assistant City Attorney
STREFAN FAUBLE, Assistant City Attorney

By: _____/s/ Strefan Fauble_____
STREFAN FAUBLE
Assistant City Attorney

Attorneys for non-party CITY OF LOS ANGELES

---

[2] The City has already waived privilege on many of the documents currently in possession of the USAO.  Those documents have been released, over time, in the course of other proceedings related to this criminal matter.  Although there may be documents among the Requested Materials that are not currently public, the City has determined not to oppose their disclosure.

The undersigned counsel of record for non-party the City of Los Angeles, certifies that this brief contains 1323 words, which complies with the word limit of L.R. 11-6.1.

DATED: March 27, 2024             Respectfully Submitted,

                                            HYDEE FELDSTEIN SOTO, City Attorney
                                            KATHLEEN A. KENEALY, Chief Assistant City Attorney
                                            STREFAN FAUBLE, Assistant City Attorney

                                    By: _____*/s/ Strefan Fauble*_____
                                            STREFAN FAUBLE
                                            Assistant City Attorney

                                   Attorneys for non-party CITY OF LOS ANGELES

**CERTIFICATE OF SERVICE**

*In re Application of Consumer Watchdog and Los Angeles Times Communications LLC to Unseal Court Records*, USDC CD CA Case No. Case No. 2:24-cv-01650-SB

I hereby certify that on March 28, 2024, I electronically filed the foregoing THE CITY OF LOS ANGELES'S MOTION TO INTERVENE TO FILE STATEMENT OF NONOPPOSITION TO MOTION TO UNSEAL SEARCH WARRANT MATERIALS [Dkt. # 6] with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Executed on March 28, 2024, at Los Angeles, California.

/s/ *Ava Smith*